IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CINDI DEARMON,

    Plaintiff,                       No. 2:13-cv-0230 GEB CKD

    vs.

CAROLYN W. COLVIN,                <u>FINDINGS AND RECOMMENDATIONS</u>
Acting Commissioner of Social Security,

    Defendant.
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively.  For the reasons discussed below, the court will recommend plaintiff's motion for remand be granted, the Commissioner's cross-motion for summary judgment be denied, and this action be remanded for further proceedings.

<u>BACKGROUND</u>

        Plaintiff, born September 12, 1961, applied for DIB and SSI on December 31, 2009 and January 8, 2010, respectively, alleging disability beginning December 15, 2008. Administrative Transcript ("AT") 1144-155.  Plaintiff alleged she was unable to work due to bipolar disorder, clinical depression, PTSD, anxiety, neck pain, fibromyalgia, joint pain and

memory problems. AT 88, 95, 170. In a decision dated January 3, 2011, the ALJ determined that plaintiff was not disabled.[1] AT 35. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2012.
>
> 2. The claimant has not engaged in substantial gainful activity since December 15, 2008, the alleged onset date.
>
> 3. The claimant has the following severe impairments: history of methamphetamine abuse; bipolar disorder, cervical spine degenerative disc disease, arm strain/sprain.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).
  The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in [the regulations], except she can only occasionally climb ladders, ropes or scaffolds; can only occasionally crawl; can frequently overhead reach with both upper arms; and can work in a position involving only occasional public contact.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on September 12, 1961 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 15, 2008 through the date of this decision.

AT 25-34.

ISSUES PRESENTED

Plaintiff argues that the ALJ erred in evaluating plaintiff's substance abuse and that evidence submitted to the Appeals Council establishes disability.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

   A. Substance Abuse

   The ALJ found that plaintiff has severe mental and physical impairments, including a history of methamphetamine abuse. Plaintiff contends the ALJ erroneously considered the impact of her drug use in conducting the sequential analysis. In determining that plaintiff is not disabled, the ALJ gave less weight to the opinions of treating physicians Drs. Adeyemo and Solis because they did not consider plaintiff's substance abuse in assessing plaintiff's limitations. AT 31-32. Plaintiff contends that consideration of this factor by the ALJ was improper under Bustamante v. Massanari, 262 F.3d 949 (9th Cir. 2001).

   The Bustamante court held that the ALJ must complete the five-step inquiry without attempting to determine the impact of plaintiff's drug or alcohol abuse on plaintiff's

4

other impairments.  Bustamante, 262 F.3d at 955.  A finding of "disabled" under the five-step inquiry, however, does not automatically qualify a claimant for disability benefits.  Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001).  Under 42 U.S.C. § 423(d)(2)(C), a claimant cannot receive disability benefits "if alcoholism or drug addiction would ... be a contributing factor material to the determination that the individual is disabled."  The purpose of the statute is "to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy."  Ball v. Massanari, 254 F.3d 817, 824 (9th Cir. 2001).  Under the implementing regulations, the ALJ must conduct a drug abuse and alcoholism analysis ("DAA Analysis") by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol.  20 C.F.R. § 404.1535(b).  If the remaining limitations would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability.  If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied.  Id.  Plaintiff bears the burden of proving that drug or alcohol addiction is not a contributing factor material to the finding of disability.  Parra v. Astrue, 481 F.3d 742, 748 (9th Cir. 2007).

        Defendant is correct that the ALJ must conduct the materiality analysis only if plaintiff is first found disabled under the sequential analysis, including plaintiff's drug or alcohol abuse.  Defendant is also correct that consideration of plaintiff's drug use may be a valid factor in assessing the weight assigned to the opinions of treating physicians.  In concluding, however, that plaintiff is not disabled, the ALJ noted "[t]he record also evidence [sic] substance abuse which tempers the findings in her mental health record during 2009.  It also shows long term existence of her mental impairments apparently does not disable her from working and school activities if the claimant is not abusing substances."  AT 33.  The import of this passage is not clear.  It appears that the ALJ found that plaintiff would be disabled if drug use was factored into the

/////

/////

sequential analysis.[2]  If so, a materiality analysis was required.  The matter should therefore be remanded for clarification of the basis of the ALJ's determination of nondisability.  See, e.g. McClary v. Astrue, 2012 WL 3648011 (E.D. Cal. 2012).

      B.  Evidence Submitted to Appeals Council

Treatment records dated February 17, 2011 to July 6, 2011 and the report of a comprehensive psychological evaluation conducted by Robert Morgan, Ph.D. on April 11, 2011 were submitted to the Appeals Council and made part of the administrative record.  AT 4, 744-776.  Plaintiff contends the additional evidence supports her claim of disability.

This court has reviewed the ALJ's decision under the substantial evidence standard with due consideration of these medical records.  See Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (where plaintiff submitted additional materials to the Appeals Council in requesting review of the ALJ's decision, court may properly consider the additional materials because the Appeals Council addressed them in the context of denying plaintiff's request for review); see also Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (noting that where the Appeals Council declined to review the decision of the ALJ after examining the entire record, including new material, court considers both the ALJ's decision and the additional materials submitted to the Appeals Council); Brewes v. Commissioner of Social Sec. Admin, 682 F.3d 1157, 1163 (9th Cir. 2012) ("when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence").

/////
/////
/////

---

[2]  The ALJ relied on the opinion of the state agency physician who opined that "when abstinent from substance abuse" plaintiff was not disabled.  AT 33, 562.

The additional records support plaintiff's claim of disability. Dr. Morgan found plaintiff meets Listings[3] 12.04 and 12.08 and is similar to the opinions of the other treating physicians.[4] Dr. Morgan also found that plaintiff's disability extended back in time to the alleged onset date. AT 775-776. Because the additional evidence was not considered by the ALJ, no reasons have been set forth for rejecting Dr. Morgan's opinion. Although defendant articulates a variety of reasons why Dr. Morgan's opinion could be discounted, the court does not consider post hoc rationalizations. This court reviews the adequacy of the reasons specified by the ALJ, not the post hoc rationalizations of the agency. See Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (court is constrained to review the reasons the ALJ asserts). The matter should therefore be remanded so that the ALJ can consider this additional evidence in conjunction with the other record medical opinions and in conducting the materiality analysis, if the ALJ determines plaintiff is disabled when drug use is factored into the sequential analysis.

CONCLUSION

For the foregoing reasons, this matter should be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and consideration by the ALJ of the evidence submitted to the Appeals Council.

/////

---

[3] The Social Security Regulations "Listing of Impairments" is comprised of impairments to certain categories of body systems that are severe enough to preclude a person from performing gainful activity. Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). Conditions described in the listings are considered so severe that they are irrebuttably presumed disabling. 20 C.F.R. § 404.1520(d). In meeting or equaling a listing, all the requirements of that listing must be met. Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir. 1985).

[4] Dr. Solis opined that plaintiff met Listings 12.04 and 12.06 but found only mild restriction in activities of daily living. AT 729-732. Dr. Solis also concluded that plaintiff's mental illness is independent of drug/alcohol use. AT 728. Dr. Adeyemo also found that plaintiff had an overall inability to engage in full time work due to bipolar disorder. AT 687-689.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for remand (dkt. no. 15) be granted;

2. The Commissioner's cross-motion for summary judgment (dkt. no. 18) be denied; and

3. This matter be remanded for further proceedings consistent with these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 18, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 dearmon2.ss