1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CINDI DEARMON,                              No.  2:13-cv-0230 GEB CKD

12                 Plaintiff,

13        v.                                     FINDINGS AND RECOMMENDATIONS

14   CAROLYN W. COLVIN,
     Acting Commissioner of Social Security,
15
                   Defendant.
16

17

18        Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act

19   (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court.  Plaintiff seeks fees in the amount of

20   $7,790.47 based on 41.6 hours of attorney time and costs in the amount of $101.80.  Defendant

21   does not contend EAJA fees should not be awarded but contests the reasonableness of the fees

22   requested by plaintiff.  Defendant contests not the hourly rate[1] but the number of hours claimed

23   by plaintiff's counsel.  In addition, defendant contends any fee that is awarded must be payable to

24   the plaintiff.

25        The EAJA provides that the prevailing party in a civil action against the United States

26   may apply for an order for attorney's fees and expenses within thirty days of final judgment in the

27   _____

28   [1] Plaintiff claims an hourly rate of $184.32 for worked performed in 2012 and $186.55 for work
     performed in 2013.

                                            1

1    action.  An applicant for Social Security benefits receiving a remand under sentence four of 42

2    U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in

3    obtaining the requested benefits.  Shalala v. Schaefer, 509 U.S. 292 (1993).  In this case, the

4    matter was remanded under sentence four for further proceedings pursuant to the order of the

5    court on cross-motions for summary judgment.  ECF No. 32.  The court must allow the fee award

6    unless it finds that the position of the United States was substantially justified.  Flores v. Shalala,

7    49 F.3d 562, 568-69 (9th Cir. 1995).  In this case, defendant does not contend its position was

8    substantially justified.

9          The EAJA directs the court to award a reasonable fee.  In determining whether a fee is

10   reasonable, the court considers the hours expended, the reasonable hourly rate, and the results

11   obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S.

12   424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  Defendant does not contest the hourly

13   rate claimed but contends the hours claimed are unreasonable.  This contention is well taken.

14   Plaintiff's counsel has itemized hours related to an order to show cause which was issued because

15   counsel had erroneously filed several social security actions in the wrong venue.  ECF No. 24.  It

16   is unreasonable to charge either defendant or plaintiff's client for hours attributable to the

17   incompetence of plaintiff's counsel.  No award should be made for the 6.3 hours claimed in

18   connection with the order to show cause and transfer of this action to the appropriate venue.

19   Plaintiff's counsel has also demonstrated no billing judgment with respect to the repeated use of

20   0.1 hour increments for tasks which clearly do not take six minutes to accomplish.  The court has

21   carefully reviewed the tasks associated with the 0.1 hour increments (1.4 hours total) and has

22   concluded these tasks should reasonably have taken no more than 0.5 hours total.  Similarly,

23   plaintiff's counsel frequently bills 0.2 and 0.3 increments (3.8 hours total).  The court concludes

24   these tasks cumulatively should reasonably have taken no more than 2 hours.  The 3.9 hours

25   claimed by plaintiff's counsel for reviewing the Appeals Council denial and the ALJ decision,

26   drafting a form complaint, and serving process is also unreasonable and should be reduced to a

27   total of 1.0 hour.  Plaintiff's counsel has similarly claimed excessive hours for reviewing the

28   administrative transcript, writing the confidential letter brief, drafting the opening brief,

1   reviewing defendant's response, drafting a reply and reviewing the findings and

2   recommendations (24.7 hours).  Although the administrative record was relatively extensive, this

3   case did not present particularly complex issues and the briefing by plaintiff's counsel was of

4   inferior quality.  The court concludes that no more than 19 hours were reasonably expended on

5   these tasks.  Finally, plaintiff's counsel claims 1.5 hours incurred in connection with the motion

6   for EAJA fees.  Again, the amount claimed is inflated in light of counsel's experience in

7   preparing EAJA applications.  One half hour was reasonably expended on this task.  Plaintiff's

8   claimed costs of $101.80 are unsupported.  The $79.60 associated with downloading briefs and

9   the transcript is unreasonable in that attorneys of record receive one free electronic copy of all

10  documents filed electronically.  See http://www.pacer.gov/psc/efaq.html#CMECF (E.D. Cal.

11  website, Frequently Asked Questions).  The $19.5 claimed cost for certified mail is unreasonable

12  in that plaintiff was granted in forma pauperis status and the Marshal was directed to serve

13  summons in this action.  ECF No. 5.  No award of costs should be made.  In sum, the court will

14  recommend that the number of hours compensated be reduced to 21.6 hours at the hourly rate of

15  $184.32 for worked performed in 2012 ($3,981.31) and 1.4 hours at the hourly rate of $186.55 for

16  work performed in 2013 ($261.17) for a total of $4,242.48.  The EAJA award must be made by

17  this court to plaintiff, and not to counsel.  See Astrue v. Ratliff, __ U.S. __, 130 S. Ct. 2521

18  (2010).

19          Accordingly,  IT IS HEREBY RECOMMENDED that fees pursuant to the EAJA be

20  awarded to plaintiff in the amount of $4,242.48.

21          These findings and recommendations are submitted to the United States District Judge

22  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

23  after being served with these findings and recommendations, any party may file written

24  objections with the court and serve a copy on all parties.  Such a document should be captioned

25  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

26  /////

27  /////

28  /////

3

within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 24, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

dearmon0230.eaja

4