UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDI DEARMON, | No. 2:13-cv-0230 GEB CKD |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. Plaintiff seeks fees in the amount of $7,790.47 based on 41.6 hours of attorney time and costs in the amount of $101.80. Defendant does not contend EAJA fees should not be awarded but contests the reasonableness of the fees requested by plaintiff. Defendant contests not the hourly rate[1] but the number of hours claimed by plaintiff's counsel. In addition, defendant contends any fee that is awarded must be payable to the plaintiff.

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorney's fees and expenses within thirty days of final judgment in the

---

[1] Plaintiff claims an hourly rate of $184.32 for worked performed in 2012 and $186.55 for work performed in 2013.

1

action.  An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits.  <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993).  In this case, the matter was remanded under sentence four for further proceedings pursuant to the order of the court on cross-motions for summary judgment.  ECF No. 32.  The court must allow the fee award unless it finds that the position of the United States was substantially justified.  <u>Flores v. Shalala</u>, 49 F.3d 562, 568-69 (9th Cir. 1995).  In this case, defendant does not contend its position was substantially justified.

      The EAJA directs the court to award a reasonable fee.  In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained.  <u>See</u> <u>Commissioner, INS v. Jean</u>, 496 U.S. 154 (1990); <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983); <u>Atkins v. Apfel</u>, 154 F.3d 986 (9th Cir. 1998).  Defendant does not contest the hourly rate claimed but contends the hours claimed are unreasonable.  This contention is well taken.  Plaintiff's counsel has itemized hours related to an order to show cause which was issued because counsel had erroneously filed several social security actions in the wrong venue.  ECF No. 24.  It is unreasonable to charge either defendant or plaintiff's client for hours attributable to the incompetence of plaintiff's counsel.  No award should be made for the 6.3 hours claimed in connection with the order to show cause and transfer of this action to the appropriate venue.  Plaintiff's counsel has also demonstrated no billing judgment with respect to the repeated use of 0.1 hour increments for tasks which clearly do not take six minutes to accomplish.  The court has carefully reviewed the tasks associated with the 0.1 hour increments (1.4 hours total) and has concluded these tasks should reasonably have taken no more than 0.5 hours total.  Similarly, plaintiff's counsel frequently bills 0.2 and 0.3 increments (3.8 hours total).  The court concludes these tasks cumulatively should reasonably have taken no more than 2 hours.  The 3.9 hours claimed by plaintiff's counsel for reviewing the Appeals Council denial and the ALJ decision, drafting a form complaint, and serving process is also unreasonable and should be reduced to a total of 1.0 hour.  Plaintiff's counsel has similarly claimed excessive hours for reviewing the administrative transcript, writing the confidential letter brief, drafting the opening brief,

2

reviewing defendant's response, drafting a reply and reviewing the findings and recommendations (24.7 hours). Although the administrative record was relatively extensive, this case did not present particularly complex issues and the briefing by plaintiff's counsel was of inferior quality. The court concludes that no more than 19 hours were reasonably expended on these tasks. Finally, plaintiff's counsel claims 1.5 hours incurred in connection with the motion for EAJA fees. Again, the amount claimed is inflated in light of counsel's experience in preparing EAJA applications. One half hour was reasonably expended on this task. Plaintiff's claimed costs of $101.80 are unsupported. The $79.60 associated with downloading briefs and the transcript is unreasonable in that attorneys of record receive one free electronic copy of all documents filed electronically. See http://www.pacer.gov/psc/efaq.html#CMECF (E.D. Cal. website, Frequently Asked Questions). The $19.5 claimed cost for certified mail is unreasonable in that plaintiff was granted in forma pauperis status and the Marshal was directed to serve summons in this action. ECF No. 5. No award of costs should be made. In sum, the court will recommend that the number of hours compensated be reduced to 21.6 hours at the hourly rate of $184.32 for worked performed in 2012 ($3,981.31) and 1.4 hours at the hourly rate of $186.55 for work performed in 2013 ($261.17) for a total of $4,242.48. The EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliff, __ U.S. __, 130 S. Ct. 2521 (2010).

Accordingly, IT IS HEREBY RECOMMENDED that fees pursuant to the EAJA be awarded to plaintiff in the amount of $4,242.48.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////
/////
/////

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 24, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

dearmon0230.eaja