UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDI DEARMON, | No. 2:13-cv-0230 GEB CKD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $12,195.73 for 41.6 hours of professional time devoted to the representation of plaintiff before this court. Counsel concedes that this amount should be offset in the amount of $4,242.48 for fees previously awarded under EAJA.

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991),

1

1 | receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).
2 | However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also
3 | must ensure that the requested fee is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 808-09
4 | (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory
5 | ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those
6 | agreements."). "Within the 25 percent boundary ... the attorney for the successful claimant must
7 | show that the fee sought is reasonable for the services rendered." Id. at 807.

Counsel seeks fees for 41.6 hours. Based on the quality of counsel's representation and the results achieved in this case, the undersigned finds the amount of hours expended to be reasonable. The hourly rate of $293.17 is also reasonable. Accordingly, the undersigned will recommend that an award in the amount of attorney fees requested be made.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's counsel be awarded $12,195.73 in attorney fees pursuant to 28 U.S.C. § 406, to be offset in the amount of $4,242.48 previously awarded under EAJA.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 28, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 dearmon0230.46